## ASTON *v.* WALLACE, ADMINISTRATOR.

PRACTICE.—*Appearance.*—*Default.*—*Trial.*—Where a defendant appears and files an answer of set-off, he may take a rule upon the plaintiff to reply, and on failure to reply, judgment may be taken for the defendant for want of a reply; but if the defendant abandons his defence, and does not appear at the trial until he is defaulted, he waives his right in this respect, and the trial may proceed as if the matters alleged in the answer had been denied.

EVIDENCE.—A deputy clerk, having the papers in a cause, may testify as to who was engaged as an attorney in the cause, and the length of time it was on the docket, where it does not appear that he relies on the papers to enable him to so testify.

From the Marion Common Pleas.

*J. W. Gordon* and *T. M. Browne*, for appellant.

OSBORN, J.—The appellee, as administrator of the estate of Robert L. Walpole, sued the appellant, to recover for

professional services rendered by Walpole to the appellant. The appellant appeared and filed an answer of two paragraphs. 1. The general denial. 2. Set-off. No reply was filed.

When the cause was called for trial, the appellant, failing to appear, was defaulted, and the cause was tried by the court, who found for the appellee, and over a motion for a new trial judgment was rendered on the finding.

The causes for a new trial as stated in the motion are: 1. There was a trial without any issue upon the second paragraph of the answer. 2. Error of the court in admitting Dan. Greenfield's evidence in relation to the services of Walpole. 3. The finding is contrary to law and the evidence. 4. Excessive damages. 5. One claim was allowed twice. 6. Error in admitting the evidence of Kimball.

The error assigned is in overruling the motion for a new trial.

The appellant might have taken a rule upon the appellee to reply to his answer, and on failure to reply under the rule judgment might have been taken for want of a reply. He did not do that. On the contrary, after filing his answer, he abandoned his defence and did not appear at the trial until he had been defaulted. He waived his rights by failing to assert them in a proper manner and at the proper time. The trial was properly had as if the matters alleged in the answer had been denied. *Train* v. *Gridley*, 36 Ind. 241, and authorities there cited. BUSKIRK, J., discusses the practice in that case and gives the decisions on this question. It is unnecessary to repeat them.

The services claimed to have been rendered were as an attorney. Greenfield was one of the deputy clerks of a court in which an action against the appellant had been pending. He was permitted to testify that he had examined the records of the court and had the papers in the case mentioned, that Walpole was the attorney for the appellant, and that the cause was on the docket for eleven terms. The

objection was on the ground that the evidence was not the best to prove the facts. It does not appear from the evidence that the witness relied upon the papers to enable him to state that Walpole was 'appellant's attorney. He had the papers in the cause, it is true, but his statement was, that Walpole was the attorney for the appellant. Kimball was an attorney and testified that the value of the services of Walpole in one case were fifty dollars, and twenty-five dollars in another. No objection was made to his testifying or to any of his evidence.

We have examined the evidence and cannot say that it does not sustain the finding of the court.

The services proved amounted to two hundred and forty-one dollars and twenty-five cents. He had given the appellant credit for thirty-five dollars, and one of the appellee's witnesses proved forty dollars of the set-off pleaded, making seventy-five dollars to be deducted. The judgment was for one hundred and sixty-six dollars and twenty-five cents. The damages were not excessive.

The judgment of the said Marion Common Pleas is affirmed, with costs and five per cent. damages.