# Willingham v. The State.

104　59
125　171

*Indictment for Burglary.*

1. *Evidence; admissibility of certified copy of certificate of incorporation.*—Since, under the provision of the statute, (Code, § 1579), after the issue of the certificate of incorporation of a railroad company, the Secretary of State is required to record such certificate, together with the other papers relating to the incorporation, a copy of a final certificate of incorporation of a railroad company, properly certified by the Secretary of State, is, under the influence of section 2785 of the Code, admissible in evidence in all the courts of the State.

APPEAL from the Circuit Court of St Clair.

Tried before the Hon. LEROY F. BOX.

The appellant in this case was indicted, tried and convicted for the burglary of a "warehouse or depot building of the Birmingham & Atlantic Railroad Company, in which building goods, merchandise or things of value were kept," &c.

The testimony introduced on the trial of the cause, as is shown by the bill of exceptions, tended to show that the defendant was guilty as charged. The bill of exceptions recites, that "The State, for the purpose of proving that the Birmingham & Atlantic Railroad Company was a body corporate, as alleged in the indictment, offered in evidence certified copies of the papers and records relating to the organization of the Birmingham & Atlantic Railroad Company," which were on file in the Secretary of State's office. The defendant objected to the introduction of these papers in evidence, on the ground that they were illegal, immaterial and irrelevant, and that they were secondary evidence, and no predicate had been laid for the introduction of secondary evidence. The court overruled this objection, and the defendant duly excepted. The defendant also separately objected to

[Willingham v. The State.]

the introduction of the certificate of incorporation, which was among the papers so introduced, on the grounds as stated in the opinion. The court overruled his objections, and the defendant duly excepted. These are the only rulings of the court, to which exceptions were reserved.

M. M. SMITH, for appellant.—The fact of incorporation, if it be a fact, should have been shown by legal evidence, the same as any other essential fact in the case. *Johnson v. State*, 73 Ala. 483.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—The only point made by the appellant in this case is, that the final certificate of incorporation issued by the Secretary of State to the Birmingham and Atlantic Railroad Company—the alleged owner of the house, the subject of the burglary—is not a paper required by law to be kept in the office of the Secretary of State, by reason whereof, it is contended, a copy, certified by that officer, is not admissible in evidence, under the influence of section 2785 of the Code. The company is alleged to have been incorporated under the general laws of this State. Upon looking at the statute, we see the original declaration of incorporation made by the persons desiring to form the corporation, the written certified statement of the organization proceedings of the subscribers, and a verified list of the subscribers are required to be filed in the office of the Secretary of State; and thereupon that officer must issue to the subscribers to the declaration, their associates and successors, a certificate of incorporation, under the seal of the State, stating that they are duly organized as a corporation under the name and style designated in the declaration, having the powers, capacity and authority conferred by law; and it is provided that thereafter such corporation must be deemed duly organized.—Code, § 1578. The statute then provides : ''After the issue of the certificate of incorporation, the Secretary of State must record, consecutively, the declaration, the proceedings of the meeting of subscribers, as certified by the judge of probate, the verified list of the subscribers and the affidavit thereto, and the certificate of incorporation.—Code, §

1579. Then, section 2785, *supra*, provides, that, "All transcripts of books or papers required by law to be kept in the office of the Secretary of State, or the office of the Auditor, when certified by the proper custodian thereof, must be received in evidence in all courts." This statute is remedial in its nature, and was intended to dispense with the troublesome and often impracticable requirement of the production of original papers, records of which are kept in these offices. The statute, in terms, makes transcripts of books kept there admissible whether the original papers are there or not. Indeed, it would seem to apply with more force, if possible, to the end of admitting transcripts from the records, when the original papers are elsewhere, than when they also are in the custody of that officer.

Affirmed.