### William D. Heebner *vs.* Charles C. Shepard.

Opinion filed May 18th, 1895.

#### Sale—Action for Purchase Note—Counterclaim—Breach of Warranty.

> The action was upon two promissory notes given by defendant to plaintiff for a thrashing machine sold by plaintiff to defendant. The answer admitted the execution and delivery of the notes, and in addition set out, as new matter, that the thrashing machine was sold with a warranty, and did not work as it was warranted to do, and that by reason thereof the defendant was damaged in a large sum, for which defendant demanded judgment against the plaintiff. *Held*, that such new matter constituted a counterclaim, within the meaning of the statute.

#### Judgment on Counterclaim for Want of Reply.

> No reply was served to the answer, and after the time for reply had expired the defendant moved in the court below for judgment, under section 4919, Comp. Laws. The court adjudged the plaintiff was in default for reply, and directed the defendant to offer proof in support of his counterclaim. *Held*, that the order was a proper order, upon the facts stated.

Appeal from District Court, Dickey County; *Lauder*, J.

Action by William D. Heebner, as Heebner & Sons, against Charles C. Shepard, on notes given for the price of a thrashing machine. From a judgment of default for want of a reply to a counterclaim, plaintiff appeals.

Affirmed.

*A. T. Cole*, (*McCumber & Bogart*, of counsel,) for appellant.
*W. H. Rowe*, for respondent.

Wallin, C. J.   Action on notes given for a thrashing machine. The answer alleges that the machine was sold on a warranty, and that it did not work as warranted, and by reason thereof the defendant was damaged in a large sum, for which judgment was demanded. The plaintiff never at any time served either a demurrer or a reply to the answer, and after the time for serving a reply had expired the defendant moved the court "to dismiss plaintiff's complaint, and give judgment for his counterclaim." The motion was made upon the ground that no reply had ever been served to the defendant's answer, and that the time for

reply had expired. Pursuant to said motion of the defendant, an order of the trial court was made, adjudging plaintiff in default for want of a reply to the counterclaim, as stated in the answer, and further adjudging that the defendant could submit proof of the facts alleged in the answer. Plaintiff appeals to this court from said order.

Plaintiff's sole contention in this court is that the order should be reversed for the reason that the matter pleaded in the answer is purely defensive matter, and does not constitute a counterclaim, and therefore no reply was required. In our judgment, the contention of the plaintiff is untenable. The answer stated, in substance, that the notes described in the complaint were given by defendant to the plaintiff for a thrashing machine, which machine was sold by plaintiff to defendant upon a warranty, and that the machine did not work as warranted, and by reason of which fact defendant had been damaged in a large sum, for which defendant demanded a judgment against the plaintiff. The action is upon contract, and the defendant, by his answer, admits the execution of the contract, *i. e.* the notes in suit, and thereby confesses the cause of action stated in the complaint. The defendant then proceeds to set out by answer another contract between the plaintiff and the defendant, and alleges a brief act thereof, and damages resulting from such breach, and demands judgment against the plaintiff for damages. In brief, the case falls clearly within the terms of the second subdivision of section 4915, Comp. Laws. The action is one arising on contract, and the counterclaim set out in the answer is one also arising on contract, and one existing at the commencement of the action, in favor of the defendant, and against the plaintiff. The answer contains no defense whatever to the causes of action stated in the complaint. On the contrary, the answer, by admitting the execution and delivery of the notes, and by failing to allege any facts tending to defeat the notes, thereby confesses the plaintiff's cause of action. It follows that the cause of action against the plaintiff as stated in the answer was a counterclaim, pure and simple, and

nothing else. To this counterclaim the plaintiff should have replied, if he desired to controvert the same. No reply was served, and therefore the defendant was entitled to make the motion indicated by section 4919, Comp. Laws. The order appealed from was made upon such motion.

The order of the District Court must be affirmed. All the judges concurring.

(63 N. W. Rep. 892.)

NOTE—The defendant may move for judgment on counterclaim for want of reply. *Power* v. *Bowdle*, 3 N. D. 107. That the facts pleaded are not the proper subject of counterclaim, can only be taken advantage of by demurrer, and cannot be raised on the trial by motion. *First Nat. Bank* v. *Laughlin*, 4 N. D. 401. Where an answer states a good defense imperfectly, the defect should be met by motion to make the pleading more definite and certain, and not by motion for judgment on the answer as frivolous. *Yerkes* v. *Crum*, 2 N. D. 72. A motion to strike out a verified general denial as sham and for judgment cannot be entertained. *Cupples Wooden Ware Co.* v. *Jansen*, 4 Dak. 149.