[Civil No. 634.   Filed March 15, 1899.]

[56 Pac. 734.]

JAMES REILLY, suing for the benefit of the County of Cochise, Plaintiff and Appellant, v. W. R. PERKINS et al., Defendants and Appellees.

1. RES ADJUDICATA—INTERLOCUTORY ORDERS—ORDER OVERRULING DEMURRER MAY BE RESCINDED AT ANY TIME PRIOR TO FINAL JUDGMENT.—An order overruling a demurrer to a complaint, being an

interlocutory order, is always under the control of the court until the final decision of the suit, and may be rescinded upon sufficient ground shown even after the term at which made, and is not therefore a final judgment to which only the doctrine of *res adjudicata* can apply.

2. PLEADINGS—COMPLAINT—FAILURE TO STATE CAUSE OF ACTION—DEFECT NEVER WAIVED—VACATION OF ORDER OVERRULING DEMURRER —JUDGMENT ON PLEADINGS.—The insufficiency of the facts stated in the complaint to constitute a cause of action is a radical defect which is never waived, and may be raised at any time, and the court can, upon cause shown, or its own motion, vacate its order overruling a demurrer thereto and then sustain such demurrer, or it can, after vacating such order, on motion, render judgment on the pleadings.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

James Reilly, and Allen R. English, for Appellant.

William Herring, and Barnes & Martin, for Appellees.

DOAN, J.—This action was brought in March, 1894, by appellant, Reilly, as a taxpayer, to recover, for the use of Cochise County, from the chairman and clerk of the board of supervisors, as individuals, the money that had been ordered paid by them from the county treasury to the clerk of the board of supervisors for services rendered by him as clerk of said board. After several demurrers by defendants and amendments by plaintiff, defendants filed a general demurrer and answer, on November 11, 1896, to plaintiff's second amended and supplemental complaint, and on the nineteenth day of November, 1896, the demurrer was submitted to the court and taken under advisement. On July 8, 1897, the court overruled the demurrer and continued the case for the term. On December 8, 1897, the personnel of the court and of counsel for defendants having changed in the mean time, the case came on regularly for trial; whereupon the counsel for defendants moved the court for a judgment for the defendants "on the facts alleged and admitted in the complaint," whereupon the plaintiff objected to the granting of said motion on the ground

that the matter thereof was *res adjudicata* by reason of the order of July 8, 1897, overruling defendants' demurrer to the complaint. This objection was by the court overruled, and the motion was granted, and judgment was rendered for defendants; whereupon plaintiff appealed from the ruling of the court.

The proposition of appellant, and the only one relied upon in this case and presented to this court, is the alleged error of the court in granting defendants' motion for judgment on the pleadings, upon the ground that the matter was *res adjudicata* by reason of the prior order of July 8, 1897, overruling defendants' demurrer to the complaint; and appellant submits that this error is sufficient to cause a reversal of the judgment. The point is not raised by the appellant that the court erred in granting the motion because of the sufficiency of the complaint. It is not, therefore, necessary to go into the merits of the pleadings. It seems to be conceded by the appellant that the complaint was not sufficient to support a judgment for the plaintiff; but appellant relies upon the proposition that the order of the court of July 8, 1897, overruling the demurrer, had become the law of the case, by which the court was yet bound, irrespective of the question whether such ruling was right or wrong, and, the grounds upon which the motion was based being the same as those upon which the demurrer was founded, that the ruling of the court aforesaid had removed them from the consideration of the court, and they were, on December 8, 1897, *res adjudicata.* The doctrine of *res adjudicata* amounts simply to this: That a cause of action once finally determined without appeal, between the parties on its merits, cannot afterwards be litigated by new proceedings, either before the same or any other tribunal. It is only, however, a final judgment upon the merits to which this doctrine applies. Until final judgment is reached the proceedings are subject to change and modification, are imperfect and inchoate, and can avail nothing as a bar until the judgment, with its verity as a record, settles finally and conclusively the questions and issues. An interlocutory order or decree made in the progress of a case is always under the control of the court until the final decision of the suit, and may be modified or rescinded upon sufficient grounds shown at any time before final judgment, though it be after the term in which the inter-

locutory order or decree was given, and is not, therefore, a final judgment, to which the doctrine of *res adjudicata* can apply. *Foster* v. *The Richard Busteed,* 100 Mass. 412, 1 Am. Rep. 125; *Webb* v. *Buckelew,* 82 N. Y. 555; Black on Judgments, 308.

An order of the court sustaining or overruling a demurrer that is at the time under the control of the court, and can, upon cause shown or upon the court's own motion, be vacated and set aside, is not sufficient to remove or withhold from the consideration of the court any issue or fact. The insufficiency of the facts stated in the complaint to constitute a cause of action is a radical defect, and, like the want of jurisdiction is never waived, and can be raised at any time; and if fully satisfied that the complaint is insufficient to sustain the judgment prayed for or any judgment for the plaintiff, the court can vacate and set aside the order overruling the demurrer, and then sustain such demurrer, or can as well grant a motion for judgment on the pleadings, and render the judgment as prayed for in such motion. *Lawrence* v. *Ballou,* 37 Cal. 518. This being the only ground urged for reversal, the judgment of the lower court is therefore affirmed.

Street, C. J., and Sloan, J., concur.