JOHN KAIN, Sr., and John Kain, Jr., Copartners Doing Business as John Kain, Sr., and John Kain, Jr., v. L. B. GARNAAS.

(145 N. W. 825.)

**Action to recover personal property — chattel mortgage foreclosure — notes — ownership of — judgment — res judicata — subsequent suit — conversion.**

1. Where, in an action to recover the possession of personal property for the purpose of foreclosing a chattel mortgage, the defendant puts in issue the ownership of the notes secured by such mortgage, and such issue is determined by the court adversely to the contention to the ownership of the plaintiff, and the jury is instructed to return a verdict against the plaintiff and for a dismissal of the action, the judgment is *res judicata* as to the question of ownership in a subsequent suit brought by the mortgagor and against such plaintiff for the unlawful conversion of the property covered by the mortgage in such prior proceedings.

**Notes — chattel mortgage — action — judgment of dismissal — ownership of notes — conversion — illegal seizure of property — tender of payment — prior.**

2. Where A made and delivered to B notes secured by a chattel mortgage, and C afterwards sought to foreclose such mortgage and took possession of the property for such purpose, and in such proceeding a judgment was rendered dismissing the action on the ground that the ownership of the notes and mortgage was not in C, an action for conversion can be brought against C for such illegal seizure, even though no tender of payment has been made to B, and subsequent to the prior action and the unlawful seizure C has obtained the possession and title to said notes.

**Chattel mortgage — foreclosure — without title to notes secured — conversion — return of property.**

3. Where C seeks to foreclose a chattel mortgage without having any right or title to the notes which the same secures, or in and to the said mortgage, and,

preliminary to such foreclosure, wrongfully replevies and obtains possession of such property, the mortgagor may afterwards sue him in conversion for such unlawful seizure, and is not barred therefrom by the mere fact that in the original replevin proceeding he merely prayed for a dismissal of the action, with costs, and did not ask for a return of the said property or for the value thereof.

**Discretion — abuse of — complaint — amended complaint — changing the character of the parties — individuals — partners — defendant in court — no objection — prejudice.**

4. It is not an abuse of discretion for a trial court to permit the plaintiff to file an amended and substituted complaint changing the character of the plaintiffs from individuals to a partnership, where the members of the partnership and the original plaintiffs are the same persons, and even though no written notice of such amendment has been given to the defendant, but the defendant is present in court by himself or his counsel and has an opportunity to object to and to except to such amendment, and where upon the allowance of such amendment no suggestion is made to the presiding judge that the defendant has a counterclaim against the partnership which he did not have against the partners as individuals, or that his defense is otherwise materially prejudiced.

**Pleading — reply — discretion as to.**

5. Under § 6863, Rev. Codes 1905, which only provides for a reply "when the answer contains new matter constituting a counterclaim. . . . And in other cases when an answer contains new matter constituting a defense by way of avoidance, the court may in its discretion on the defendant's motion require a reply to such new matter," and where no request for a reply is made by the defendant, the fact of a former adjudication of the issues raised by the answer may be proved by the plaintiff even though no reply has been filed by him.

**Trial — order of proof — error as to.**

6. Although it is irregular for the plaintiff, in proving his case, to introduce in evidence a judgment which acts as an estoppel to the defense of the defendant, yet if the judgment is conclusive as an estoppel, the defendant is not injured because the proof of such judgment was not reserved for rebutting testimony, and the judgment will not be disturbed.

**Action for wrongful seizure of property — counterclaim.**

7. One who wrongfully seizes personal property and is sued for such wrongful seizure cannot counterclaim in such an action a right of possession of such property, which has been acquired subsequent to the original wrongful seizure.

Opinion filed February 11, 1914. On petition for rehearing March 10, 1914.

Appeal from the District Court of Eddy County, *Coffey,* J.

Action for conversion. Judgment for plaintiffs, Defendant appeals. Affirmed.

Statement by BRUCE, J.

This is an action for conversion. On May 3, 1907, the plaintiffs and respondents purchased from Garnaas Brothers, a corporation, four certain horses, and in payment therefor gave to such corporation their promissory notes secured by chattel mortgage on the horses purchased and other property. Thereafter, and on October 15, 1908, the defendant and appellant, L. B. Garnaas, claimed to own said notes, and sought to foreclose said chattel mortgage, and for the purpose of such foreclosure and on October 15, 1908, brought an action for the possession of the property before mentioned, and, having obtained the possession thereof, sold the same. On the trial of the action, however, which was subsequently had, the court directed the jury to render a verdict in favor of the defendants on the ground that the evidence showed that the corporation, Garnaas Brothers, and not L. B. Garnaas, was the owner of the notes and mortgages sued upon. In this action, however, a dismissal of the action only, with costs, was prayed for by the defendants, and no return of the property was asked or demand for its value made, and the judgment of the court was for a dismissal of the action merely, with costs. The present action is one for the conversion of said property on the 15th day of October, 1908, and all that we can discover in the answer is a defense that the defendant, L. B. Garnaas, is *now* the owner of the notes in question, and that the same have not been paid, and that an action is now pending in the district court of Eddy county between L. B. Garnaas as plaintiff and John Kain, Sr., and John Kain, Jr., as defendants, which involves the right to the possession of the property described, and the judgment in which will determine each and all of the matters involved. All that the answer asks for is a dismissal of the action. Judgment was rendered in favor of the plaintiffs and respondents for $616.85, and the defendant has appealed from an order denying a motion for judgment notwithstanding the verdict or a new trial and from the judgment entered therein.

*Maddux & Rinker,* for appellant.

The doctrine of *res judicata* applies only to a final judgment on the merits. Reilly v. Perkins, 6 Ariz. 188, 56 Pac. 734.

A tender must be in full and before suit is brought. Lamb v. Pate, 4 Ala. App. 628, 58 So. 943.

Must be kept good by deposit. Rev. Codes 1905, §§ 5259, 5263; Stakke v. Chapman, 13 S. D. 269, 83 N. W. 261; Brakhage v. Tracy, 13 S. D. 343, 83 N. W. 363.

Tender, or offer of payment and deposit, must be pleaded and proved. Hegler v. Eddy, 53 Cal. 597; Bryan v. Maume, 28 Cal. 238.

A change of plaintiffs from individuals to a copartnership, after trial and submission of the issues to the jury, ousted the court of jurisdiction of defendant and of the subject-matter. Marienthal v. Amburgh, 2 Disney (Ohio) 586; Barron v. Walker, 80 Ga. 121, 7 S. E. 272.

*James A. Manley* and *Knauf & Knauf,* for respondent.

To entitle a person to the possession of personal property under a chattel mortgage, two primary facts must exist. He must be the owner and holder of the notes secured, and also of the chattel mortgage. Paulson v. Modern Woodmen, 21 N. D. 235, 130 N. W. 231; Corbett v. Great Northern R. Co. 19 N. D. 450, 125 N. W. 1054.

A person appearing in court and disclaiming any interest or title in property is estopped to thereafter set up title to such property. Hansell v. Hansell, 44 La. Ann. 548, 10 So. 941; Miller v. Asheville, 112 N. C. 759, 17 S. E. 762; Jones v. Subera, 25 S. D. 223, 126 N. W. 253; Bailey v. Wright, 21 S. D. 349, 112 N. W. 853.

It is well settled that all questions submitted or which ought to have been submitted in the trial and under the issues are adjudicated at the close of the trial. Eastman v. Cooper, 15 Pick. 276, 26 Am. Dec. 600; Gilbert v. Thompson, 9 Cush. 348; Porter v. Baker, 19 N. H. 166

Only the owner can ask or expect a tender. The verdict of the jury, the order and judgment in the former case, adjudicated the matter of the ownership of the notes and mortgage. 22 Enc. Pl. & Pr. 869; 11 Am. & Eng. Enc. Law, 447; Bailey v. Wright, 21 S. D. 349, 112 N. W. 853.

The tender made did not require to be kept good by deposit; refusal to accept deposit was waived. Foster County Implement Co. v. Smith, 17 N. D. 178, 115 N. W. 663; 1 Van Fleet, Former Adjudication, § 30, p. 130; Buel v. Pumprey, 2 Md. 261, 56 Am. Dec. 714; Deichmann v. Deichmann, 49 Mo. 107; Vaupell v. Woodword, 2 Sandf. Ch. 143; Klinck v. Kelly, 63 Barb. 622; McManus v. Gregory, 16 Mo. App. 375; Stapp v. Phelps, 7 Dana, 296; White v. Thomas, 39 Ill. 227.

Motion for new trial on ground of newly discovered evidence is re-

garded with suspicion. The applicant is required to rebut the presumption that the *verdict is correct,* and that he has *not* used due diligence. Moore v. Philadelphia Bank, 5 Serg. & R. 41; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Mackin v. People's Street R. & Electric Light & P. Co. 45 Mo. App. 82.

A new trial will not be granted on a mere showing that new evidence has been discovered. 14 Enc. Pl. & Pr. 773, 791; Strehlow v. McLeod, 17 N. D. 457, 117 N. W. 525, 17 Ann. Cas. 423; Edmonds v. Riley, 15 S. D. 470, 90 N. W. 139.

Or where the evidence merely tends to discredit or impeach. Axiom Min. Co. v. White, 10 S. D. 198, 72 N. W. 462; Scheffer v. Corson, 5 S. D. 233, 58 N. W. 555; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Demmon v. Mullen, 6 S. D. 554, 62 N. W. 380; Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577; Bedtkey v. Bedtkey, 15 S. D. 310, 89 N. W. 479; 14 Enc. Pl. & Pr. 798, 799; Gaines v. White, 1 S. D. 434, 47 N. W. 524.

Bruce, J. (after stating the facts as above). The first assignment of error relates to the action of the court in allowing plaintiff to prove the fact of the original action brought by L. B. Garnaas for the possession of the property, and that the same was decided against him on the ground that it was an illegal seizure. This evidence, it is claimed, "put before the jury the fact that the defendant and appellant had suffered a defeat in the district court in an action between the same parties for the possession of this personal property, without the jury having before them the testimony in that action upon which the case was nonsuited, and carried to the jurors the impression that a jury in the former replevin action between these same parties had passed upon the merits of the case on trial adversely to the appellant." In the same connection error is assigned on the action of the court in allowing the jurymen to take to their room as exhibits the verdict, order for judgment, judgment, and answer in said suit. It is claimed that the doctrine of *res judicata* only applies to a final judgment on the merits, and that the testimony and exhibits were therefore inadmissible. We do not, however, so hold. In the former suit the fact of ownership of the notes was in issue. The same parties were the litigants, and therefore on

those questions the decision constituted a conclusive judgment upon the matter of ownership. There was no nonsuit taken, but a verdict was directed in favor of the plaintiffs and respondents herein. It is well established that a case decided on the merits on the questions submitted, or which ought to have been submitted under the trial and the issues, is adjudicated at the close of the trial, and that the fact can afterwards be pleaded by way of estoppel. See Eastman v. Cooper, 15 Pick. 276, 26 Am. Dec. 600; 23 Cyc. 1215. It is true that a judgment of voluntary nonsuit is no bar to a subsequent action upon the same claim or demand, nor is the dismissal of an action when brought about by the voluntary action of the party or ordered by the court on some preliminary or technical matter without a trial or hearing, except as to the particular ground on which the dismissal was ordered. "But a judgment dismissing a suit on the merits—that is, on a judicial consideration and determination of the ultimate facts in controversy, as distinguished from mere preliminary or technical issues—is conclusive to the same extent as if rendered on a verdict." And much more must be a judgment which is based upon the verdict of a jury, even though the verdict be directed. 23 Cyc. 1231. The case of Reilly v. Perkins, 6 Ariz. 188, 56 Pac. 734, cited by counsel for appellant, is not in point. All that the court there held was that "an interlocutory order, overruling a general demurrer to a complaint, is not *res judicata* of its sufficiency to support a judgment for plaintiff, and hence is no bar to the subsequent vacation of such order at a subsequent term, and the entry of judgment on the pleadings in favor of defendant, since the doctrine of *res judicata* applies only to a final judgment on the merits." In the prior case between the parties to this controversy the cause of action was once finally determined by the verdict of the jury, and the judgment of the court rendered thereon, and no appeal was prosecuted therefrom. The cases, therefore, are materially different.

The next point raised is that the tender in this case was insufficient. It is claimed that the property was taken by appellant about October 1, 1908, and that at that time no tender was made. Not having been made, it is claimed that respondents' sole remedy was redemption from sale. This contention can be and is met by the fact that the defendant and appellant, L. B. Garnaas, had at that time no interest or title in the notes and mortgaged property, and that therefore no tender to him

was necessary in any view of the case. We find no evidence that Garnaas Brothers have instituted any suit or that they are parties to this record.

Appellant next complains that since the plaintiffs and respondents herein, and defendants in the former action instituted by L. B. Garnaas, failed to claim the property or value thereof in such action, they are estopped to recover the same here. There is no merit, however, in this contention. The right of respondents to recover was not litigated or tried upon its merits in the former action, nor was it necessary that it should be. All that was there tried was the fact of the ownership of the defendant and appellant, L. B. Garnaas, and it was not necessary for the defendants in such action to interpose any other issue, or to seek for a recovery therein. All that the answer asked for was a dismissal of the action, with costs.

We see no merit in points two and five, to the effect that no tender or deposit is pleaded, nor is the validity of the chattel mortgages questioned, and that the ownership of the notes in issue was in L. B. Garnaas is not denied by the pleadings. We find, upon an examination of the answer, that although the answer denies that the notes were made and were the property of Garnaas Brothers, and not of the defendant, L. B. Garnaas, there is an allegation that the defendant is the owner and holder thereof, though nothing is said as to how or when he obtained the ownership and possession of the same. The action, however, is one of conversion, and for the wrongful conversion of the property on the 15th day of October, 1908, at which time it is conclusively shown by the prior judgment that the defendant, L. B. Garnaas, had no right, title, or interest, in the notes or mortgaged property whatever. We do not see that the fact that he is now the owner of the notes, if such be the fact, has anything to do with the case in so far as the original conversion was concerned.

The next point made is that after the taking of the evidence, the motions, and the arguments to the jury, the court permitted plaintiff to file an amended and substitute complaint changing the character of plaintiffs from individuals to a copartnership. It is argued that the defendant may have had a counterclaim against the copartnership not available as a defense against the individuals, and for this reason the amendment was vital and prejudicial. It is claimed that defendants' notes were not executed by the copartnership. We really do not see

what the notes had to do with the case. When the property was seized, the defendant did not own the notes, and it was immaterial who executed them. The members of the partnership and the original plaintiffs were the same persons. No written notice, it is true, was given to the defend-ant of the amendment, but we must assume that defendant or his coun-sel was in court and actually knew of the amendment, as the record shows that an exception to its allowance was taken by him. In spite of the provisions of §§ 6882 and 6883, Rev. Codes 1905, which allow the utmost latitude in regard to amendments, and in spite of the fact that a partnership is in no sense a legal entity but is made up and composed entirely of its members, we are asked to set aside this judgment because possibly the defendant may have had a counterclaim against the partner-ship. We do not find, however, that this suggestion was made in the trial court, or that even here the hypothesis is stated in the form of a fact. We think there is no ground for reversal on this score.

Our conclusions upon the necessity of the tender disposes of the re-maining assignments of error.

The judgment of the District Court is affirmed.

BURKE, J., being disqualified, did not participate.

On Petition for Rehearing.

The point has been raised on petition for rehearing that proof of the former adjudication was not admissible in this suit as it had not been pleaded by the plaintiff. This point was not raised or suggested upon the original appeal, the plaintiff being contented with alleging that "the doctrine of res judicata applies only to a final judgment on the merits," and insisting merely that the judgment in controversy was not such a final judgment. We, however, will consider it here, so that the practice may be settled. Section 6863, Rev. Codes 1905, only provides for a reply "when the answer contains new matter constituting a counterclaim. . . . And in other cases, when an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's motion, require a reply to such new matter; and in that case the reply shall be subject to the same rules as a reply to a counterclaim."

In the case at bar no reply was asked for by the defendant, and no

reply was required by the court. In such cases a reply is not necessary, and the fact of a former adjudication can be proved even though not pleaded. This appears to be the well-established rule under code provisions similar to our own. In the case of Wixson v. Devine, 67 Cal. 341, 345, 7 Pac. 776, we find the following: "It was not necessary or proper for plaintiff to plead his former recovery. It operated by way of estoppel to the defense set up by the defendant, and as we have in our system of pleadings no replication in the answer, the estoppel could not properly be pleaded." In the case of Dows v. McMichael, 6 Paige, 139, the court said: "As special replications are not allowed in this court, the complainants had no opportunity of pleading the decision of the same question in the former suit as an estoppel. And the rule of law on this subject is that where the party cannot plead the former decision as an estoppel, the record thereof may be given in evidence, and is conclusive and binding upon the party, the court, and the jury, as to every fact adjudicated and finally decided in the former suit."

In the case of Calkins v. Allerton, 3 Barb. 171, we have an action of trover against one who was a privy of a third party, by whose command and under whose title the defendant justified the taking. It was held that the record of a former recovery against such third party for the same taking might be given in evidence and was conclusive as to plaintiff's title to the property and right of possession thereof. The plaintiff having had no opportunity to plead the recovery against the third party specially, the evidence was held as conclusive as though pleaded. In the case of Sprague v. Waite, 19 Pick. 455, we find the following: "Where a verdict upon a point put in issue in a former action between the same parties might have been pleaded in estoppel before the Statute of 1836, chap. 237, abolishing special pleading, it will now be conclusive when given in evidence under the general issue." 9 Enc. Pl. & Pr. 618. See also Dunckle v. Wiles, 6 Barb. 516.

Nor is it material in this case that the record of the former proceeding was introduced in evidence during the presentation of plaintiff's case. "It is urged that the evidence," says the supreme court of California in Clink v. Thurston, 47 Cal. 21–30, "if admissible at all, was not relevant and material at the time it was received and before the defendant had attempted to prove any of the facts constituting his defense. No doubt the introduction of the evidence at this time was irregular.

It was in strictness rebuttal evidence merely, and only available to the plaintiff in an attack upon the title or right which the defendant might endeavor to establish. But, if the judgment offered is to have the effect claimed for it by the plaintiff, of a conclusive estoppel upon the defendant, it cannot be material at what stage of the trial it was introduced, for by no possible means could its effect as an absolute bar be avoided. The defendant, therefore, could not have been injured by the irregularity, and we should not reverse the judgment merely because the strict order of trial was not preserved in the introduction of evidence."

We have examined Heebner v. Shepard, 5 N. D. 56, 63 N. W. 892, and the reference to 18 Enc. Pl. & Pr. 642, but can find no support for defendant and appellant's contention therein. The reference in the Encyclopedia of Pleading and Practice applies to pleadings at the common law or under codes providing a practice similar thereto, and has no reference to a code such as ours. In the case of Heebner v. Shepard, supra, a counterclaim was interposed.

There is no merit in the contention that the court erred in allowing the amendment, alleging partnership, "as defendant might have had a counterclaim against said partnership." In our former opinion we suggested that there was no contention or showing that any such counterclaim, in fact, existed. We are now told in the petition for rehearing that the defendant had a counterclaim based upon his right of possession. If such is the case, the right of possession arose subsequently to the original seizure and the original action. In that action it was decided that the plaintiff was not the owner of the notes and mortgage, and therefore not entitled to the possession of the goods. The present action is based upon the original wrongful taking. A subsequent right of possession which is based upon a subsequent purchase of the notes and mortgage or a subsequent right of possession therein is not "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." See § 6860, Rev. Codes 1905. Such being the case, it is not, under the Code, a fit subject for counterclaim. The subject of the present action is the original right of possession and the original wrongful taking, and not a title or right of possession acquired subsequently thereto.

The petition for a rehearing is denied.