*393
 
 Battle, J.
 

 The construction put by bis Honor upon tbe deed under which the lessors of the plaintiff claim, is correct. It did not pass the legal estate to the heirs-at-law of Mrs. Bruce, and of course they cannot maintain their action of ejectment. The deed is one of bargain and sale, which operates to convey the title by the force and effect of the statute of uses, 27th Hen. 8th, (sec. 1 Rev. Stat., ch. 43, sec. 4; Rev. Code, ch. 43, sec. 6.) As a deed of bargain and sale, it is governed, in this State by the same principles which were applied to it in England. It must have a pecuniary, or other valuable consideration.
 
 Blount
 
 v. Blount, 2 Car. Law Rep. 587 ;
 
 Brocket
 
 v.
 
 Foscue,
 
 1 Hawks’ Rep. 64. Though in form, a deed of bargain and sale, yet if the only consideration is that of love and affection, it will operate as a covenant to stand seized.
 
 Slade
 
 v.
 
 Smith,
 
 1 Hay. Rep. 248 ;
 
 Hatch
 
 v.
 
 Thompson,
 
 3 Dev. Rep. 411
 
 ; Cobb
 
 v.
 
 Hines,
 
 Busb. Rep. 343. If no consideration, either good or valuable, appear on the face of the instrument, or can be proved
 
 ciliunde,
 
 it will be void.
 
 Springs
 
 v.
 
 Hanks,
 
 5 Ire. Rep. 30
 
 ; Jackson
 
 v.
 
 Haughton,
 
 8 Ire. Rep. 457. In the late case of
 
 Smith
 
 v.
 
 Smith, 1
 
 Jones’ Rep. 135, other incidents, which attached to deeds of bargain and sale in England, were held to apply to them in this State. Thus, the Court .say
 
 “
 
 it is settled that, a future contingent use to one unknown, or not in esse, cannot be raised by a deed of bargain and sale. It is also settled that a use cannot be raised by a general power of appointmentgiven to the taker of the first estate in the use; and the case is much stronger where the power of appointment is given to a stranger.” '
 

 All the,se eases have been referred to for the purpose of showing that the same principles apply to deeds operating under the statute of uses herd, as they do to deeds operating under the same statute in England. There is still another rule which applies to a deed of bargain and sale in England, which we have not yet noticed. It is, that if a use be declared on'the legal estate in the hands of the bargainee, the statute will not execute it, upon the ground that it will not
 
 *394
 
 execute a use upon, a use. 2 Black. Com. 355. Thus, if A, by a deed of bargain and sale, sold land to B, to the use of C, though a valuable consideration may have passed from both B and 0, the statute would execute the first use only, leaving a trust in favor of C, which could be enforced nowhere but in a Court of Chancery. On the absence of any adjudicated case to the contrary, we do
 
 not
 
 feel at liberty to withhold the application of the same doctrine here. Indeed, from the repeated recognition, by our courts, of the principles which prevail in England in relation to this kind of conveyance, we feel bound to apply it. The consequence is, that we must hold that the ^egal title to the lot of land in question is still outstanding in the hands of the bargainee (the trustee) or his
 
 alienee,
 
 and the lessors of the plaintiff having a trust only, can have relief only in a Court of Equity.
 

 Pee CueiaM, Judgment affirmed.