Pearson, J.
 

 When this case was before ns, December Term, 1855, 3 Jones’ Rep. 195, it was decided.against the plaintiff, because there was no proof that the defendant had promised to procure the draft. The omission is now supplied. The verdict finds the fact, that the defendant agreed to get' the money or draft, and had failed to do so. This disposes of the case so far as that point is concerned.
 

 The defendant’s counsel then insisted, that the promise was voluntary,
 
 nudurnpactum,
 
 and would not support the action.
 
 Brown
 
 v.
 
 Ray,
 
 10 Ire. Rep. 72, is decisive of that question. “ To make a consideration, it is not necessary that the person making the promise, should receive, or expect to receive, any benefit. It is sufficient if the other party be subjected to loss or inconvenience.” An undertaking to do any thing, is a sufficient consideration, provided it is acted upon, either by the one party’s
 
 “
 
 entering upon the trust,” or by the other’s relying upon him to do so, provided loss is thereby sustained. Here, the plaintiff trusted to the defendant’s promise to get the draft. But for the promise, he would have attended to the business himself. So, he has suffered loss by a breach of the defendant’s promise which he relied on.
 

 
 *107
 
 The defendant’s counsel further insisted, that there is error in respect to the damages, for that it ought not to have been the value of the tobacco, but only the value of the draft. The record does not present this question. No instructions were asked for, or given, in regard to the measure of damages, and the question was not raised. There is no error.
 

 Pee CueiaM, - Judgment affirmed.