A. D. PUFFER et al. v. A. F. LUCAS and wife.

*Pleading—Counter-claim—Plea since last continuance.*

In an action to recover possession of property, the defendant alleged in his answer matters which arose subsequent to the commencement of the suit, and upon which he demanded affirmative relief. On the trial, after the jury was empanelled, the plaintiff demurred, *ore tenus,* to so much of the answer as referred to the said new matters : *Held,*

1. That the objection came too late, and if it had any force it should have been made at the time the answer was filed.
2. That although the matter was not strictly a counter-claim, yet, as it was pertinent to the subject of the action, and the Court had jurisdiction, by consent of parties or with the sanction of the Court, it was proper to consider the questions thus raised, and determine the action upon the merits, as upon a plea "since last continuance."

This was a CIVIL ACTION tried before *Philips, J.*, at Fall Term, 1887, of NEW HANOVER Superior Court.

The plaintiffs alleged that they had contracted to sell and had delivered to one Eifurt an apparatus for the manufacture of soda and mineral waters, under a contract by which the title was retained until the purchase money should be paid; that this agreement had been duly registered; that Eifurt had, without paying the price, sold the property to the defendants; that the purchase money was still due, and its payment had been refused. They demanded judgment for the possession of the apparatus, for damages and costs.

As a second defence, the defendants alleged, in their answer, as follows:

" 1. That since the institution of this action the plaintiffs in this action, by and through their agent, Charles Frank, contracted with the defendants to sell them another machine, with apparatus, &c., connected therewith; that as a part of said agreement the plaintiffs stipulated that they would take the machine in controversy in this action in part payment of the new machine, and agreed to allow the defendant the sum of $300 for the same; and that these defendants were to retain possession of the machine in controversy in this cause until the new machine arrived; that the new machine was to be paid for in instalments—the sum of $120 upon arrival with the bill of lading attached, and the balance in instalments on time.

" 2. That these plaintiffs have never yet complied with their contract, and the new machine has never been delivered, although defendants were willing and able to comply with their contract.

" 3. These defendants, by the unlawful and willful act of the plaintiff, have sustained damage to the amount of five hundred dollars.

" Wherefore defendants pray judgment:

"1. That the prayer of the plaintiffs' complaint for the possession of said property be denied, and defendants be allowed to retain the same.

"2. That the defendants receive of the plaintiffs the sum of five hundred dollars damages for the willful and unlawful breach of the aforesaid contract.

"3. And for the costs of this action."

The plaintiffs made reply to the answer, among other things, as follows:

"2. That the plaintiffs deny the truth of the facts set forth in Article 1st of the second defense set forth in the said answer, that if any such contract as set forth therein was executed by one Charles Franks, they deny that he was an agent of plaintiffs' with power or authority to make such contract, or that the same was ever ratified by the plaintiffs.

3. That they admit the second Article of the second defense of the answer to the extent that they have never complied with the terms of any such contract, but they deny as above, any such contract.

4. They deny the third article of the second defense set forth in the said answer.

5. Replying further, the plaintiffs allege that no notice of such alleged breach of the contract set up in the answer, or that these plaintiffs claimed the existence of any such contract until within the past two days—during the present term of this Court—and that no notice was ever served upon them, until that date, to produce said alleged contracts.

Wherefore the plaintiffs demand the judgment prayed for in their complaint filed in this cause."

The action was commenced on the 16th day of August, 1886. The complaint was filed to January Term, 1887, and at the said term of the Court was amended. The answer was filed at the following April Term. The defendants relying upon the matters alleged in the second defense set up in their answer upon the trial, offered evidence in support of the allegations made therein.

The plaintiffs demurred *ore tenus* to the second defense in the defendants' answer, and moved to strike it out, because upon its face it did not contain facts sufficient to constitute a good and valid defense in this action, in that

1. It asked for affirmative relief and could therefore be pleaded only as a counter-claim.

2. As such it was defective in that it was not pleaded as a counter-claim. And even if it were, it alleged that the facts constituting it occurred since the institution of this action. And moreover it appeared upon its face that it was without consideration.

The defendants denied this and contended that the alleged plea or defense was to the further prosecution of this action and in bar thereof.

The Court sustained the demurrer and motion of plaintiffs, and defendants excepted.

There was judgment for the plaintiff, from which the defendants appealed.

*Mr. Thomas W. Strange,* for the plaintiffs.

No counsel for the defendants.

MERRIMON, J. The defendants had possession of the "Apparatus" in controversy, and if the contract alleged by them as a second ground of defence, exists as alleged, they are entitled to have such possession until the contract shall be observed and performed, first, on the part of the plaintiffs, or until it shall in some way be discharged. It is not void for want of consideration, as contended; the mutual agreement of the parties to do the several things stipulated to be done on the one side and on the other was a sufficient consideration to support it.

It is regular, proper, and very much better in every way, that all pleadings shall be orderly and formal, but the mere form is not generally essential. If sufficient matter is

pleaded, the law determines the character and effect of the pleading, without regard to the particular name given it. If the defence in question were not in legal effect a *counter-claim* well pleaded, the plaintiffs should have demurred to it in apt time, that is, when it was pleaded and before the pleadings were settled and completed. If it were not a *counter-claim*, a cause of action was alleged irregularly, it is true, but the parties might have litigated it by consent, certainly with the sanction of the Court, because the Court had jurisdiction of the parties and the cause of action.

But if it is granted that a *cause of action* was not well pleaded as a defence, a sufficient defence arising after the action began was alleged, if the defendants could avail themselves of it in this action. It is contended that they could not, because it arose after the action began. Ordinarily and generally this is true, but in some cases a defence thus arising may be pleaded by answer as in the case of a plea since the last continuance by consent of the parties, or by order of the Court, with a view to the ends of justice, upon just terms as to costs—as where the plaintiff took possession of the land in controversy after the action began, and like cases. *Bailey* v. *Cochran*, I Hay, 120 (104); *Morgan* v. *Cone*, 1 D. & B., 234; *Johnson* v. *Swain*, Busb. 335; *Thompson* v. *Red*, 2 Jones, 412.

We think that the plaintiffs, by implication, consented to allow the defendants to allege and avail themselves of the defence in question, if it were well founded—at least they waived their right to object on the ground that it arose after the action began. They did not demur to the answer as they might have done—on the contrary they made reply thereto, expressly denying and controverting the defence in question; no objection was raised that it could not be alleged and relied upon in this action until after the pleadings were settled and completed and after the jury were empanelled to try the issue of fact raised by them. It was then too late to

raise such objection. There is nothing in the nature of the defence pleaded and relied upon in the pleading that puts it without the jurisdiction of the Court in this action in the absence of appropriate objection made in apt time. The ·Court might and ought to have disposed of it upon its merits.

The defendants are entitled to a new trial.

Error.