## KIRBY v. JAMESON.

1. In an action on a due bill which plaintiff claimed was assigned to him by
   the payee, defendant pleaded as a counterclaim an account against such
   payee bearing date subsequent to the action; and there was no affirma-
   tive proof that such account existed, in favor of defendant or any other
   person, when suit was brought.   *Held*, that evidence of the account was
   properly excluded, under Comp. Laws, § 4915, which only authorizes de-
   mands "existing at the commencement of the action" to be counter-
   claimed.

2. In an action on a due bill bearing no indorsement, but which plaintiff testified was assigned to him, a written order by the payee, made subsequently to the alleged assignment, directing plaintiff to deliver the due bill to defendant, was imcompetent to disprove the assignment.

(Opinion filed June 24, 1896.)

Appeal from Minnehaha county court. Hon. E. PARLIMAN, Judge.

Action on a due bill. Judgment for plaintiff entered on a verdict directed by the court, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*William A. Wilkes,* for appellant.

An indorsement is made in writing upon the instrument transferred or upon a piece of paper attached thereto. Comp. Laws, §§ 4471 and 4473. An assignment may be oral, but in the case of an assignment of a non-negotiable instrument for the payment of money, the assignment must be in writing to cut off the counterclaim. The provisions as to a counterclaim and its existence at the commencement of the action do not conflict with the views we have taken. The rent demand did exist against Lacey, although the ownership was jointly in defendant and another. St. Louis Nat. Bank v. Gay, 35 Pac. 876; Downing v. Gibson, 5 N. W. 599; Spinning v. Sullivan, 11 N. W. 758; Central Trust Co. v. Bank, 101 U. S. (Lawy. Ed.) 877; Georgia Stat., 17 Am. & Eng. Ency. Law, p. 637.

*Joe Kirby,* in *pro. per.*

The answer contains no statement of any facts constituting a counterclaim. § 5915, Comp. Laws; Wood v. Brush, 72 Cal. 224; Lewis v. Faber, 65 Ala. 460; Small v. Browder, 11 B. Mon. 212; Goodrich v. Stanley, 23 Conn. 79.

CORSON, P. J. Action upon due bill for $85, upon which $55 was indorsed as paid. Defendant pleaded a counterclaim for $22, and tendered into court $8. The trial court directed a verdict for plaintiff, and the defendant appeals.

Only two questions are presented: First. Should defend-ant's counterclaim have been admitted in evidence? Second. Should the order of Lacey have been admitted in evidence? The due bill was as follows: "July 15, 1894. $85.00. Due W. G. Lacey, on demand, eighty-five dollars. James Jameson. [Indorsed on back of the paper:] Paid $55.00." There was no assignment in writing, or indorsement, upon this due bill, though plaintiff testified that it was assigned. The counter-claim was as follows: "Defendant answers by general denial, and files bill of counterclaim for twenty-two dollars, sum due from W. G. Lacey to Edmison & Jameson, and assigned to de-fendant. Sioux Falls, December 11, 1894. W. G. Lacey, Dr. To Edmison & Jameson. Balance for rent, $22.00. I hereby sell and assign all my interest in the above to James Jameson. P. H. Edmison." The plaintiff testified that the due bill was assigned to him in October, 1894, and the action was com-menced by the service of summons December 4, 1894.

After the plaintiff had rested, the defendant sought to in-troduce in evidence the following order: "Dec. 3, 1894. Joe Kirby—Dear Sir: Please deliver to James Jameson that de-mand order of his to me for $85.00, with $55.00 indorsed, I left with you as collateral security for $25.00 that I owe you, on the payment to you of $25.00 by him. W. G. Lacey." This was objected to as incompetent, immaterial and irrelevant, and the objection was sustained. This was clearly incompetent and immaterial. It did not prove or tend to prove or disprove any issue in the case. If Lacey had assigned the account to the plaintiff, he had nothing further to do with it, and his order was a mere nullity. If he had not assigned it, this order did not tend to prove that fact, and was not competent as evidence of that fact. Plaintiff's evidence as to the assignment could only be disproved by legal evidence. The ruling of the court was clearly correct.

The defendant then offered evidence tending to prove his counterclaim. This was objected to as incompetent, irrelevant

and immaterial, and the court sustained the objection. In this ruling the court was clearly right. The counterclaim was not one existing in favor of the defendant at the commencement of the action, nor when he had notice of the assignment of the duebill to the plaintiff, by service of summons. After an action has been commenced the defendant cannot, by purchase or otherwise, acquire a demand to be offset against the plaintiff's claim. To be available it must exist, and the title to it be in the defendant, at the commencement of the action. The defendant contends that his right to offset his claim existed until the duebill was in fact indorsed by Lacey, under the provisions of Sec. 3442, Comp. Laws, but in this the defendant is in error. Sec. 3442 is to be construed with Sec. 4871. By the first it is provided that the assignee of a non-negotiable contract for the payment of money, when transferred, shall be subject to all equities and defenses "in favor of the maker at the time of the endorsement." And by the latter section it is provided that, in case of the assignment of a thing in action, the action of the assignee shall be without prejudice to any defense at the time of notice of the assignment. And both sections must be construed in connection with Sec. 4915, Subd. 2, which provides that "in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action," may be pleaded as a counterclaim. It is not affirmatively shown by the evidence that Lacey was indebted to the firm of Edmison & Jameson, in any sum on December 4th, when this action was commenced. The account, as will be noticed, bears date December 11th—seven days after the commencement of the action—and we find no evidence in the record that Lacey was indebted to the firm prior to that time. This counterclaim, therefore, was not one authorized to be pleaded by the statute, and consequently the court committed no error in excluding it. We do not find it necessary to discuss the question presented by the brief of counsel as to the right of set-off or counterclaim by a defendant up to the time

the written instrument is actually indorsed. But, as to the construction to be placed upon the first two sections of our statute referred to, see an exhaustive opinion of the California supreme court in Bank v. Gay, 101 Cal. 286, 35 Pac. 876. The judgment of the county court is affirmed.