# CHRISTOFFERSON v. WEE.

(139 N. W. 689.)

**Pleading — attack — motion — objection to evidence — demurrer.**

1. When a pleading is only attacked by motion or objection to the introduction of evidence on the trial, it will be construed more liberally in favor of the pleader than when the attack is made by demurrer.

**Pleading — counterclaim — cause of action — contract — recoupment.**

2. Section 6859, Rev. Codes 1905, provides that an answer may contain a statement of any new matter constituting a defense or counterclaim; and § 6860, Rev. Codes 1905, requires such counterclaim to be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action;

(2) In an action arising on contract any other cause of action arising also on contract and existing at the commencement of the action.

*Held*, that in an action on promissory notes given on a conditional sale of real estate for the purchase price, a counterclaim attempted to be pleaded by the defendant, setting up the conditions on which defendant claimed the sale was made, which, if true, rendered the notes in suit in the hands of the payee voidable, such counterclaim comes within paragraph No. 1 of § 6860, supra, and hence it does not follow that the acts set up in the counterclaim must have been done or contracted to be done before the commencement of the action, and that said paragraph 1 applies to what was formerly termed a recoupment.

**Amended pleading — misnomer — supplemental pleading — substantial rights.**

3. A mere misnomer in designating a pleading as an amended pleading, instead of a supplemental pleading, has no effect where the substantial rights of

the parties are not affected thereby; and an additional pleading may be treated as supplemental, even though designated as an amended pleading. This is particularly so where the amended pleading was served by permission of the court and was received and retained without objection by the other party.

**Uncertain pleading — motion — remedy — objections waived.**

4. Where a pleading states the main facts necessary to constitute a cause of action, but omits to state some details, and is thereby rendered, to some extent, uncertain, the remedy of the other party is by motion to make more definite and certain or a demand for a bill of particulars; and when he does not avail himself of either of these remedies for more than ten months after the service of the pleading, or until a motion for judgment for lack of a reply, his right to object on grounds going to the incompleteness of the pleading is waived.

**Objections — counterclaim — facts — demurrer.**

5. The objection that facts pleaded in an answer intended to set up a counterclaim do not constitute a proper counterclaim in the action can only be raised by demurrer, where the subject-matter properly pleaded might have constituted a valid counterclaim.

**Motion for judgment — order on — judgment — appeal — review.**

6. An order denying a motion for judgment on the pleadings is reviewable on appeal from the judgment.

**Counterclaim — material allegations — failure to reply — judgment.**

7. Under § 6863, Rev. Codes 1905, providing that every material allegation contained in a counterclaim not controverted by reply shall, for the purposes of the action, be taken as true; and § 6864, authorizing the defendant to move, on notice of not less than ten days, for such judgment as he is entitled to upon the statements of his counterclaim in case the plaintiff fails to reply or demur thereto. It is *held* that under the facts of this case as set out in the opinion and as against any objections offered by plaintiff, when motion for judgment was made for lack of a reply, the defendant was entitled to judgment upon his counterclaims.

Opinion filed January 15, 1913.  Rehearing denied February 5, 1913.

Appeal from judgment of the District Court for Ransom County; *Allen*, J.

Reversed.

This is an action upon two negotiable promissory notes for $100 each, bearing date the 6th day of April, 1907, one payable the 1st day of December, 1907, and the other the 1st day of December, 1908, with interest at 6 per cent, executed and delivered by the defendant, Ole T.

Wee, to the plaintiff, Mas Christofferson. The complaint is in the usual form, and was served on the 19th of November, 1909. The defendant answered December 13, 1909, and on the 3d of February, 1910, served an amended answer bearing date January 29, 1910. Service of the amended answer was made by leave of court. Service was admitted and the answer retained by the attorney for plaintiff without objection. This answer pleaded certain defensive matters which it is unnecessary to set forth. It was also attempted to plead two counterclaims. As these counterclaims are the subject of the disagreement of counsel they are quoted in full:

"That on or about the 6th day of April, 1907, at Lisbon, North Dakota, the plaintiff and defendant entered into an agreement for the purchase by the defendant of certain real estate situated within the north one half of northeast quarter (N$\frac{1}{2}$ of NE$\frac{1}{4}$) of section sixteen (16), in township one hundred and thirty-five (135) range fifty-seven (57) in consideration of the sum of two hundred dollars ($200); that in pursuance of said agreement the plaintiff executed and delivered to the defendant a conveyance describing said real estate by certain metes and bounds as hereinbefore mentioned, and that defendant executed and delivered to plaintiff the promissory notes sued upon in this action; that it was then and there understood by the parties that the said land had been surveyed, that a plat thereof had been made and filed for record, and that it was also understood and believed by the parties as a part of said agreement and as one of the facts which induced the defendant to enter into the same, that the conveyance which plaintiff executed and delivered to him sufficiently described the premises purchased, and to entitle it to be recorded, and that it would be accepted by the register of deeds of said Ransom county for record, and recorded by him without any further act on the part of the defendant, or without further expense to him, and without the necessity of any survey or plat of said premises so conveyed.

"That in fact no survey of said premises had been made, no plat thereof was of record, and the description of said premises in said deed was not sufficient to designate the premises conveyed, or to entitle said deed to be recorded, and to require the register of deeds to record the same.

"That defendant did thereupon present said deed to said register of

deeds for record, who refused to accept or record the same on account of the insufficient description of said premises, and because no survey of the premises conveyed had been made and no plat thereof was filed or of record.

"That thereupon defendant immediately communicated such facts to plaintiff, and that plaintiff and defendant agreed and did by mutual consent rescind and cancel same; that plaintiff delivered to defendant said promissory notes, and defendant delivered to plaintiff the said conveyance.

"That thereafter, plaintiff returned said conveyance to defendant, so that he might present the same to said register of deeds again, and endeavor to have same recorded; and that at the same time defendant returned said notes to plaintiff to be held by him upon the understanding and *agreement that said notes should be surrendered upon the return of said conveyance, if the same were not recorded by said register of deeds;* that said defendant again presented said conveyance to said register of deeds for record, who again refused to record same, and that defendant notified plaintiff of such fact, and offered to return said conveyance to him for cancelation upon condition that plaintiff surrender said notes; which plaintiff refused to do; and that the consideration for said notes had failed.

"That defendant has at all times been ready, willing, and able to return said conveyance, and has offered to do so in many occasions; but that plaintiff has refused to return said notes to him; and that notwithstanding the refusal of plaintiff to return said notes in accordance with his promise, defendant has on many occasions offered and tendered plaintiff the amount due upon said notes, upon condition that plaintiff survey and plat said land, or cause said deed to be recorded; that defendant offers to surrender up the said conveyance for cancelation upon rescission of said agreement, or to execute and deliver to the plaintiff a reconveyance of said premises, as the court shall direct.

"Further answering said complaint, and as a counterclaim to the plaintiff's cause of action, defendant alleges and shows to the court:

"That at the time of the delivery of the promissory notes described in the complaint to the plaintiff, the plaintiff delivered to the defendant the conveyance of the premises hereinbefore mentioned which defendant was to present to the register of deeds of said Ransom county for

recording, and plaintiff then stated and represented to defendant that he would receive and hold said notes by way of earnest or pledge *for the return and cancelation of the said conveyance in case the same was not recorded for any reason;* that defendant relying upon said statements, representations, and promises, and not otherwise, delivered said notes to the plaintiff; that said statements, representations, and promises were false and fraudulent, and were made for the purpose of deceiving defendant and inducing him to deliver said notes to the plaintiff and to take said conveyance, and without any intention upon the part of plaintiff of carrying out said promises.

"That defendant did present said conveyance to the register of deeds for recording, but said register of deeds refused to record same, and that defendant offered to return said conveyance to plaintiff and demanded a return of said notes.

"That plaintiff refused and still refuses to return said notes to defendant, or to cancel the same; that said defendant is able and willing to return said conveyance to plaintiff, and now offers to do so, or to surrender the same up for cancelation, or to execute a reconveyance if the court shall so direct."

No reply was made to either of these counterclaims, and on October 28, 1910, the statutory time within which plaintiff might reply having long before expired, defendant submitted a motion for judgment on the counterclaims for failure to reply or demur thereto. Plaintiff appeared by counsel on such motion, and opposed the same. From the statements of counsel for appellant, and from statements made on behalf of respondent, as well as from allegations and recitals contained in different moving papers of respondent, which it is unnecessary to notice at length, it is apparent that the only objection to the granting of said motion was based upon the ground that the counterclaims each failed to state facts sufficient to constitute a defense or counterclaim, for the reason that:

1. Said amended answer and counterclaims fail to allege that any of the acts to be done by either the plaintiff or defendant were to be done before the commencement of the action;

2. Fail to allege that any of the acts on the part of defendant alleged to have been done were done before the commencement of the action.

The court denied the motion for judgment, and granted defendant fifteen days in which to amend his pleading, on payment of $10, costs of

motion, and stayed all further proceedings on the part of defendant in the action until the payment of such costs. The defendant elected to stand upon the counterclaims as pleaded, and neither amended the answer nor paid the costs. This order was entered October 28, 1910. Various motions were made by the respective parties at subsequent dates, which need not be noticed. The case came on for trial on the 5th day of May, 1911, at which time counsel, by stipulation, waived a trial by jury. Plaintiff testified as to the execution of the notes and that they had never been paid, and rested. Whereupon defendant renewed his motion on which the order of October 28, 1910, was entered, for judgment on the counterclaims, for failure to reply. The plaintiff objected to the granting of such motion on the ground that no notice thereof had been served upon him, and on the further ground that it was the same motion made "several months ago in which the matter was fully and finally determined at that time." The motion of defendant was denied, and plaintiff moved for judgment. His motion was granted, and the judgment entered from which this appeal is taken. Exceptions were taken and allowed to all rulings of the court adverse to defendant.

*Pierce, Tenneson & Cupler,* for appellant.

A failure to reply or demur to a counterclaim entitles the defendant to judgment, on proper motion. Rev. Codes, 1905, Sec. 6864; Heebner v. Shepard, 5 N. D. 56, 63 N. W. 892.

This is true whether the counterclaim is legal or equitable. Dunham v. Travis, 25 Utah, 65, 69 Pac. 468; 11 Enc. Pl. & Pr. 1035; 6 Enc. Pl. & Pr. 76.

In the absence of statute, a defendant may plead any matter of defense accruing up to time of answer. 3 Enc. L. & P. 1317; Wormser v. Metropolitan Street R. Co. 98 App. Div. 29, 90 N. Y. Supp. 714; Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189; Rev. Codes 1905, Sec. 6860; 31 Cyc. 131; Story & I. Commercial Co. v. Story, 100 Cal. 30, 34 Pac. 671; Wrege v. Jones, 13 N. D. 267, 112 Am. St. Rep. 679, 100 N. W. 705, 3 Ann. Cas. 482; Maxwell, Code Pl. chap. 12, p. 543, note 1; Hanson v. Skogman, 14 N. D. 445, 105 N. W. 90; People ex rel. Crane v. Ryder, 12 N. Y. 433; Estes, Pl. Boone's 4th ed. 1–198; Clyde v. Johnson, 4 N. D. 92, 58 N. W. 512.

A pleading will be upheld when it contains allegations of fact sufficient to fairly inform the opposite party of the nature of the claim against him. Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105; Donovan v. St. Anthony & D. Elevator Co. 7 N. D. 518, 66 Am. St. Rep. 674, 75 N. W. 809.

A pleading will be more liberally construed when first attacked at time of trial, by objection to the introduction of evidence. Walters v. Rock, 18 N. D. 45, 115 N. W. 511; Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105; First Nat. Bank v. Laughlin, 4 N. D. 401, 61 N. W. 473.

The sufficiency of the allegations of an answer to state a defense or counterclaim cannot be raised by motion, but must be taken advantage of by demurrer. Gjerstadengen v. Hartzell, 8 N. D. 424, 79 N. W. 872.

A promise made without any intention of performing it constitutes actual fraud. Rev. Codes, 1905, Sec. 5293; Tamlyn v. Peterson, 15 N. D. 488, 107 N. W. 1081; Walters v. Rock, 18 N. D. 49, 115 N. W. 511.

*A. C. Lacy,* for respondent.

The granting of judgment upon *motion* is not viewed with favor by the court. 31 Cyc. 605.

And such motions are allowed, in the discretion of the court. 3 Estes, Pl. Boone 4th ed. § 4609; 31 Cyc. 617; Bannister v. Michigan Mut. L. Ins. Co. 111 App. Div. 765, 97 N. Y. Supp. 843; Rev. Codes, 1905, Sec. 6860; Rev. Codes 1905, Sec. 6861.

The claim of a defendant which he may offset against the plaintiff's cause of action must be one which he could enforce against the plaintiff at the time of the commencement of the suit. Simpson v. Jennings, 15 Neb. 671, 19 N. W. 473; Gurske v. Kelpin, 61 Neb. 517, 85 N. W. 557; Kansas Loan & Invest. Co. v. Hutto, 48 Kan. 166, 29 Pac. 558; McKinney v. Sundback, 3 S. D. 106, 52 N. W. 322.

Defendant's offer to return the deed he secured from plaintiff is not sufficient. A redelivery is not a retransfer. Rev. Codes, 1905, Sec. 4956; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057.

Where defendant demands judgment on the pleadings, unless upon a money demand, it is necessary to submit proof. Heebner v. Shepard, 5 N. D. 56, 63 N. W. 892.

SPALDING, Ch. J. (after stating the facts). Were the counterclaims as pleaded subject to attack on the grounds stated in the objections? This court has repeatedly held that where a pleading is attacked by motion or objection to the reception of evidence on the trial, it will be construed more liberally in favor of the pleader than when the attack is made by demurrer. Weber v. Lewis, 19 N. D. 473, 34 L.R.A. (N.S.) 364, 126 N. W. 105; Donovan v. St. Anthony & D. Elevator Co. 7 N. D. 513, 66 Am. St. Rep. 674, 75 N. W. 809; Walters v. Rock, 18 N. D. 45, 115 N. W. 511. See also First Nat. Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473; Gjerstadengen v. Hartzell, 8 N. D. 424, 79 N. W. 872, 6 Enc. Pl. & Pr. 276.

Section 6859, Rev. Codes 1905, provides: "The answer of the defendant must contain: . . . "2. A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition."

Section 6860 reads: "The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action. The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they are such as have been heretofore denominated legal or equitable or both. They must each be separately stated, and refer to the causes of action which they are intended to answer in such manner that they may be intelligibly distinguished."

Respondent has apparently briefed this proposition on the theory that ¶ 2 of § 6860, supra, is applicable. Herein he is in error. The transaction set forth in the complaint as the foundation of the plaintiff's claim is the giving of the notes, and the contract for the purchase of the land was the transaction out of which the whole difficulty arose. Without the land contract there would have been no notes; hence we are of the opinion that the causes of action attempted to be set forth in the counterclaims arise out of the contract or transaction set forth in the

complaint, and that they are connected with the subject of the action, and come under subdivision 1. It does not, therefore, follow that the acts to be done by either the plaintiff or defendant must have been contracted to be done before the commencement of the action, nor does it follow that the acts on the part of the defendant alleged to have been done must have been done before the commencement of the action. The counterclaim provided for in the section of the Code quoted was intended as a substitute for both set-off and recoupment under the old procedure. Set-off could only take place in actions on contracts for the payment of money and all mutual liquidated debts or damages, and the statutes referring to set-offs refer only to mutual, unconnected debts. The principle upon which they are based is that mutual debts between the parties are extinguished either *pro tanto* or totally, thus preventing a multiplicity of suits. Paragraph 2 of § 6859, supra, is applicable to set-offs, while ¶ 1 applies to what was formerly termed a recoupment, and is confined to matters arising out of, and connected with, the transaction or contract upon which the suit is brought, and regardless of whether they are liquidated or unliquidated, and this right was given by the common law. 2 Estes, Pl. 3d ed. ¶ 3364, and authorities cited; 34 Cyc. 6821; Northwestern Port Huron Co. v. Iverson, 22 S. D. 314, 133 Am. St. Rep. 920, 117 N. W. 372. The authorities to which we refer are ample to sustain this proposition. Respondent cites numerous authorities which he contends sustain his position, but on a careful examination we find they all relate to independent contracts or set-offs.

Respondent urges that if, in fact, such acts were not done until after the commencement of the action, defendant should have made application for leave to serve a supplemental complaint or answer alleging the facts material to his causes of action occurring after the former pleading was made. Even if this were necessary, where the first paragraph of § 6860, supra, is applicable, and even if the acts attempted to be pleaded, or any of them material, were done after the commencement of th action or after the original answer was served, the legal effect of defendant's amended answer in which his counterclaims are contained is identical with the effect of the same answer had it been denominated a supplemental answer. It was served on leave of court, its due service was admitted by counsel for respondent, and it was retained by him without objection. It would be splitting hairs, if these acts were done

at a time when a supplemental answer would have been the proper technical pleading, to set this amended answer at naught simply because it is not designated a supplemental answer.

Section 6887, Rev. Codes 1905, provides that a supplemental complaint, answer, or reply, alleging facts material to the case occurring after the former complaint, answer, or reply, or of which the party was ignorant when his former pleading was made, may be allowed on motion. It will be seen from this section that the legislature has contemplated the making of a defense or the assertion of counterclaims which may have arisen after the former pleading, so the fact that the cause of action arose before or after the serving of the original answer is in this case immaterial, unless a case is presented in which the exact time when the acts were done or were to be done is a vital element. The mere misnomer in designating a pleading as an amended pleading, instead of a supplemental pleading, has no effect where the substantial rights of the parties are not affected thereby, and an additional pleading may be treated as supplemental, even though designated as an amended pleading. Bank of Chadron v. Anderson, 6 Wyo. 518, 48 Pac. 197, 49 Pac. 406; Seevers v. Hamilton, 11 Iowa, 66; Howard v. Johnston, 82 N. Y. 271; Cincinnati v. Cameron, 33 Ohio St. 336; 21 Enc. Pl. & Pr. 13.

Now as to the objections to the counterclaims as pleaded. Unquestionably there are many causes of action in which time is of the essence and should be stated, but this pleading does not disclose such a condition or necessity. The mere pleading in the form that it is pleaded, that these acts had been done, and all in connection with the giving of the notes, or growing out of their execution and delivery, in itself shows that they could not have been done earlier than the notes were given nor after the amended answer was served. The conditions are such as to render any inference that they occurred prior to or later than such times impossible. The acts were done or were to be done, not with third parties, but between plaintiff and defendant, and as far as disclosed it was not important that any one of them should be done or an offer made to do it on any fixed date. The repeated use of the word "thereupon" implies that the act referred to followed shortly after the act or fact on which it was predicated. We are of the opinion that they state the time with sufficient certainty to render the plead-

ing immune to the objection made. The answer setting up the counterclaims stated the main facts necessary to constitute affirmative causes of action existing at the time the answer was served; and if the plaintiff deemed it too uncertain or too indefinite as to time or other necessary ingredients to raise a clear issue, his remedy was by motion to make more definite and certain, or by a demand for a bill of particulars; and not having availed himself of either of these remedies, for a period of more than ten months after the answer containing the counterclaims was served, or until the motion of defendant for judgment, he had waived his right to object on the grounds stated, even if time should have been more definitely pleaded. First Nat. Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473; 19 Enc. Pl. & Pr. 761; Puffer v. Lucus, 101 N. C. 281, 7 S. E. 734. See also Stensgaard v. St. Paul Real Estate Title Ins. Co. 50 Minn. 429, 17 L.R.A. 575, 52 N. W. 910, and Noble Twp. v. Aasen, 8 N. D. 77, 76 N. W. 990. We hold, therefore, that plaintiff's objection was not available in the form and at the time made.

Neither of the objections raised any question as to the facts pleaded constituting a proper counterclaim in this action (if well pleaded), and as this could only have been raised by demurrer it is unnecessary to pass upon such question. First Nat. Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473; Noble Twp. v. Aasen, 8 N. D. 77, 76 N. W. 990.

Numerous other objections to the counterclaims are now for the first time raised. They need not be specified as they are covered by our answer to other contentions of respondent, or were waived by not including them in his objections to the pleading in the trial court. First Nat. Bank v. Laughlin, supra. We conclude that the court erred in sustaining respondent's objections, on the grounds stated.

The order denying appellant's motion is reviewable on appeal from the judgment, under § 7226, Rev. Codes 1905.

The defendant was entitled to judgment upon his counterclaims on his motion submitted October 28, 1910, as against any objection made or considered by the trial court.

Section 6863, Rev. Codes 1905, provides for a reply to a counterclaim. Section 6878 provides that every material allegation contained in a counterclaim not controverted by a reply shall, for the purposes of the action, be taken as true; and § 6864 authorizes the defendant to

move, on notice of not less than ten days, for such judgment as he is entitled to upon the statements of his counterclaim, in case the plaintiff fails to reply or demur thereto within the time prescribed by law. These provisions are directly in point, and were authority for the motion submitted October 28, 1910, by defendant for judgment upon the counterclaims. See also Power v. Bowdle, 3 N. D. 107, 21 L.R.A. 328, 44 Am. St. Rep. 511, 54 N. W. 404; Heebner v. Shepard, 5 N. D. 56, 63 N. W. 892; Noble Twp. v. Aasen, 8 N. D. 77, 76 N. W. 990; Dunham v. Travis, 25 Utah, 65, 69 Pac. 468; Jarvis v. Peck, 19 Wis. 74; Moyer v. Gunn, 12 Wis. 386. In the absence of some reason in this instance for requiring evidence to be submitted, the defendant was entitled to judgment. His motion was not denied on the ground that the court, in the exercise of any discretion vested in it, desired to hear evidence, and the nature of the counterclaims was not such as to make the submission of evidence necessary to the entry of judgment, as might be in the case of an accounting or assessment of damages.

The foregoing are all the questions necessary to be decided upon this appeal. The judgment of the District Court is reversed, and it is directed to enter a judgment in appellant's favor canceling the notes in controversy upon his depositing in that court a deed, properly executed, conveying to the respondent the premises described in the deed set out in appellant's answer. The appellant will recover his costs.