J. C. EXUM v. W. E. LYNCH.

(Filed 15 October, 1924.)

**1. Contracts, Written—Parol Evidence.**

    As not contradictory of a written instrument, it may be shown that the whole contract was not reduced to writing, but that a part rested in parol, and it may thus be shown that apart from the deed to lands purchased, the grantor and grantee agreed that upon the sale of the land

by the latter, the former would release the grantee from his obligation on his note given for the balance of the purchase price, secured by second mortgage, and take his vendee's note likewise secured in lieu thereof.

**2. Same—Promise—Consideration.**

Under the facts of this case: *Held*, the promise of the grantor to take the note secured by mortgage for the balance of the purchase price made by the grantee's purchaser, was for a valuable consideration, sufficient in law to enforce the promise. It is different as to merely a good consideration, such as consanguinity, etc.

**3. Same—Appeal and Error—Objections and Exceptions.**

A general exception to evidence which is competent in part will not be sustained on appeal.

**4. Instructions—Appeal and Error.**

A charge of the court to the jury will be construed contextually as a whole, and it will not be held for error because some of its parts taken disjointedly would appear to be erroneous.

APPEAL by defendant from *Daniels, J.,* at February Term, 1924, of GREENE.

Civil action for the recovery of $7,400, with interest from 1 January, 1922, alleged to be due on a promissory note executed by the defendant to the Snow Hill Banking and Trust Company and duly transferred to the plaintiff for value.

Upon the trial defendant admitted the validity of plaintiff's claim, but pleaded a counterclaim of $14,266.66, with interest from 1 January, 1920, alleged to be due the defendant by the plaintiff on certain promissory notes.

There was a denial of liability by the plaintiff in answer to the counterclaim set up by the defendant; and, upon the issue thus joined, the jury found against the defendant. Judgment was thereupon rendered in plaintiff's favor for the amount of the note admittedly due, and the defendant was denied any recovery on his counterclaim. The appeal by the defendant challenges the correctness of the trial in so far as it relates to his counterclaim.

*J. Paul Frizzelle for plaintiff.*
*Edward M. Land and R. H. Taylor for defendant.*

STACY, J. The correctness of the judgment entered below is conceded, unless, as assigned, prejudicial error or errors were committed on the trial of the cause relating to the defendant's counterclaim.

On 15 November, 1919, the defendant sold to the plaintiff and one B. D. Taylor three tracts of land, containing approximately 122 acres, for $20,000. The purchasers paid $1,175 in cash at the time of sale,

assumed two outstanding mortgages on the property given by the defendant to J. T. Holmes and M. W. Warren, and executed their joint notes, aggregating $14,266.66, secured by mortgage on the property, for the balance of the purchase price.

Thereafter, on or about 1 January, 1921, the plaintiff J. C. Exum, it is alleged, came to the defendant and stated that he desired to convey his interest in the lands to the said B. D. Taylor and wanted to be released from the notes which he and Taylor had executed to the defendant. After negotiations, it was agreed that Exum might be relieved of his liability on these notes if Taylor, as grantee of the whole property, would execute new notes aggregating $14,266.66, to the defendant's wife and secure the payment of same by giving a first mortgage on the property. This, of course, contemplated a cancellation of the Holmes and Warren mortgages; and defendant alleges that such was the sole consideration for said exchange of notes. Plaintiff, on the other hand, contends that the new notes were to be secured in the same way as the old notes by mortgage on the property, subject to the Holmes and Warren mortgages. The exchange was made at the solicitation of the defendant, according to plaintiff's contention, and the Holmes and Warren mortgages were not canceled. It is the defendant's position that he is entitled to have the old notes reinstated by surrendering up the new ones, because of the alleged failure of consideration, and then to have judgment on his counterclaim against the plaintiff J. C. Exum for the amount of the old notes. The jury did not accept the defendant's version as to the conditions and circumstances of this exchange of notes, and judgment was accordingly entered denying the counterclaim.

Before taking up the question of consideration, we observe one exception relating to the admission of evidence, which defendant contends was erroneous and prejudicial to his cause. Plaintiff, while a witness in his own behalf, was allowed to testify as follows: "At the time Mr. Taylor and I purchased this land from Mr. Lynch, the original agreement was—Mr. Lynch understood we expected to sell the land, and that we bought to sell—in case of sale, he would release us and take the obligation of the party to whom we sold." Objection by defendant; overruled and exception.

It is the position of the defendant that this evidence was in direct conflict with the express terms of the written agreement between the parties and that it should have been excluded, resting as it does in parol. It is undoubtedly the general rule that no verbal agreement between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions. All such agreements are considered as varied by and merged in the written contract. *Overall Co. v. Hollister Co.,* 186 N. C.,

208. "It is a rule too firmly established in the law of evidence to need a reference to authority in its support; that parol evidence will not be heard to contradict, add to, take from or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound." *Smith, C. J.,* in *Ray v. Blackwell,* 94 N. C., 10.

It must be remembered that the purpose of this evidence was not to vary or to contradict the terms of the contract as expressed in writing, but to show the entire agreement looking to future transactions. Such was not in conflict with the written provisions, but tended to show the contract in its entirety or in its completeness, and thus rounded out its terms, according to defendant's contention. *Richards v. Hodges,* 164 N. C., 183; *Pierce v. Cobb,* 161 N. C., 300. This doctrine, as it obtains with us, is well stated in the first head-note to *Evans v. Freeman,* 142 N. C., 61, as follows: "The rule that when parties reduce their agreement to writing, parol evidence is not admissible to contradict, add to, or explain it, applies only when the entire contract has been reduced to writing; and where a part has been written and the other part left in parol, it is competent to establish the latter by oral evidence, provided it does not conflict with what has been written."

Furthermore, this evidence was clearly competent upon the mooted question as to whether the subsequent exchange of notes was made in accordance with the contention of the plaintiff or that of the defendant. It was reasonably calculated to throw light upon this particular inquiry; and even if incompetent for some purposes, while competent for others, it will not be held for legal or reversible error, unless at the time of its admission defendant asked that it be properly restricted, and such request was refused. *In re Southerland's Will, ante,* 325. The exception must be overruled.

This, then, brings us to the question of consideration, the real debate between the parties.

Generally speaking, it may be said that the term "consideration," in the sense it is used in legal parlance, as affecting the enforceability of contracts, consists either in some right, interest, gain, advantage, benefit or profit accruing to one party, usually the promissor, or some forbearance, detriment, prejudice, inconvenience, disadvantage, loss or responsibility, act, or service given, suffered, or undertaken by the promissee. *Institute v. Mebane,* 165 N. C., 644. It is usually sufficient to define it as a benefit to the promissor, or a detriment to the promissee. *Cherokee Co. v. Meroney,* 173 N. C., 653; *Findly v. Ray,* 50 N. C., 125; 6 R. C. L., 654; 13 C. J., 311. Consideration means not so much that

one party, or some one else, is profiting as that the other party abandons some present legal right or limits his lawful freedom of action in the future as an inducement for the making of the promise. Pollock on Contracts, p. 166. Ordinarily the courts "will not ask whether the thing which forms the consideration does in fact benefit the promissee or a third party, or is of any substantial value to any one. It is enough that something is promised, done, forborne or suffered by the party to whom the promise is made as consideration for the promise made to him." *Hamer v. Sidway,* 124 N. Y., 538.

The following quotation from 9 Cyc., 312, has been approved by us in a number of cases: "There is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promissor or not." *Spencer v. Bynum,* 169 N. C., 119.

"In general, a waiver of any legal right, at the request of the other party is a sufficient consideration for a promise." Parsons on Contracts, p. 444.

A "good consideration," as distinguished from a "valuable consideration," is such as that of blood, or of natural love and affection, as where one grants an estate to a near relation, being founded on motives of generosity, prudence or natural duty. *Bank v. Scott,* 184 N. C., 312; *Blount v. Blount,* 4 N. C., 389; *Candee v. Bank,* 81 Conn., 372. The relation of parent and child or husband and wife is such as may constitute a good consideration for a conveyance. *Bruce v. Faucett,* 49 N. C., 391; *Hatch v. Thompson,* 14 N. C., 411; *Slader v. Smith,* 2 N. C., 248; *Nichols v. Emery,* 109 Cal., 323; *Oliphant v. Liversidge,* 142 Ill., 160. While marriage is usually regarded and dealt with as constituting a valuable consideration. *Winslow v. White,* 163 N. C., 29; *Gurvin v. Cromartie,* 33 N. C., 174. It should be observed, however, that while "love and affection" is generally held to be a sufficient consideration to support a conveyance, at least as between the parties, it may not be a sufficient consideration to support a promise. *Sullivan v. Sullivan,* 122 Ky., 707; 6 R. C. L., 653.

The above principles have been fully recognized and approved by our decisions. *Kirkman v. Hodgin,* 151 N. C., 588; *Brown v. Taylor,* 174 N. C., 423; *Faust v. Faust,* 144 N. C., 383; *Bank v. Bridgers,* 98 N. C., 67; *Sherrill v. Hagan,* 92 N. C., 345; *Little v. McCarter,* 89 N. C., 233; *Oldham v. Bank,* 85 N. C., 241; *Watkins v. James,* 50 N. C., 105.

In the case at bar there was evidence tending to show, and the jury so found, that the plaintiff, in consideration of the defendant's promise, conveyed to B. D. Taylor one-half undivided interest in a 122-acre tract of land, valued by the defendant in 1919 at $20,000, and caused Taylor

to deliver to the defendant's wife, at the defendant's request and procurement, his notes for $14,266.66, secured by mortgage on the property in strict accord with their agreement. This was sufficient consideration, under the principles above stated and illustrated by the authorities cited, to make a valid agreement. 6 R. C. L., 652. Indeed, it was held in *Puffer v. Lucas,* 101 N. C., 281, that "the mutual agreement of the parties to do the several things stipulated to be done on the one side and on the other was a sufficient consideration to support the contract." See, also, *Jones v. Winstead,* 186 N. C., 536; *Rodman v. Robinson,* 134 N. C., 503, and 6 R. C. L., 676, under title: "Promise as Consideration for Promise."

The exceptions to the charge must be overruled under the principle that the charge is to be construed contextually, as a whole, and not disjointedly. *In re Hardee,* 187 N. C., 381. "It is to be considered as a whole in the same connected way in which it was given, and upon the presumption that the jury did not overlook any portion of it. If, when so construed, it presents the law fairly and correctly to the jury, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous." *S. v. Exum,* 138 N. C., 599.

No sufficient reason having been shown for disturbing the result of the trial, the verdict and judgment will be upheld.

No error.