ALLIS-CHALMERS MANUFACTURING COMPANY, a Corporation, Respondent, v. AMENIA SEED AND GRAIN COMPANY, a Corporation, Appellant.

(209 N. W. 234.)

**Set-off and counterclaim — debt having no connection with transaction, in an action for wrongful conversion, not available as a counterclaim.**

In an action for the wrongful conversion of personal property, a debt or demand based upon a contract having no connection with the transaction set forth in the complaint, is not available as a counterclaim.

Opinion filed May 12, 1926.

Recoupment, Set-Off and Counterclaim, 34 Cyc. p. 662 n. 30, 32, p. 686 n. 58.

Appeal from the District Court of Cass County, *Cole*, J.

Defendant appeals from an order sustaining a demurrer to certain paragraphs of the amended answer, purporting to set forth a separate defense and to the cause of action alleged in the complaint.

Affirmed.

*Shure & Murphy*, for appellant.

"Set-off is the discharge or reduction of one demand by an opposite one." Auten v. Bank, 174 U. S. 125, 43 L. ed. 920.

"A counter demand, which a defendant holds against a plaintiff, arising out of a transaction is extrinsic to a plaintiff's cause of action." 24 R. C. L. p. 792, note 7 and cases cited.

"Set-off, both at law and in equity, must be understood as that right which exists between two parties, each of whom, under an independent contract, owes an ascertained amount to the other, to set off their respective debts by way of mutual reduction, so that, in any action brought for the larger debt, the residue only, after such deduction, shall be recovered." Scannon v. Kimball, 92 U. S. 362, 23 L. ed. 485.

Where the claims are liquidated a set-off may be pleaded against an assignee. Emerson-Brantingham Co. v. Brennan, 35 N. D. 104.

*Pierce, Tenneson, Cupler & Stambaugh*, for respondent.

Note.—As to right to counterclaim based on contract in tort action, see 24 R. C. L. 829.

"Counterclaim was unknown to the common law but is a code term and is the equivalent of set-off and recoupment combined." 24 R. C. L. pp. 793, 794.

No right of either recoupment or set-off exists in this state unless the right is given by § 7449. Christopherson v. Wee, 24 N. D. 514; Folsom v. Carli, 6 Minn. 420, 80 Am. Dec. 456; St. Louis Nat. Bank v. Gay (Cal.) 35 Pac. 876.

A set-off must arise from contract and can be used only in an action founded on contract. 24 R. C. L. 795, Comp. Laws 1913, § 7449.

Set-off is allowed only in contract actions and therefore a claim not arising out of the same contract or transaction cannot be counterclaimed in an action for conversion. Roney v. Halvorsen, 29 N. D. 20, note in L.R.A.1916C, 463.

CHRISTIANSON, Ch. J. This is an appeal from an order of the district court of Cass county sustaining a demurrer to three paragraphs in defendant's amended answer, which said three paragraphs purport to set forth a separate defense and set-off to the cause of action alleged in the complaint.

The action is one to recover damages for the alleged conversion of certain grain in which the plaintiff claimed a special property by virtue of a thresher's lien. The complaint alleges that in October, 1924, Budrow Brothers were the owners and operators of a certain threshing machine; that they threshed certain grain for one Chaffee; that the reasonable value of the services performed in threshing such grain amounted in the aggregate to $373.02; that on October 30th, 1924, there remained due on said account the sum of $304; that on that date said Budrow Brothers duly prepared and caused to be filed in the office of the register of deeds of Cass county, North Dakota, a thresher's lien statement in conformity with the provisions of § 6855, Comp. Laws 1913, claiming a lien upon the grain threshed for the said sum of $304; that on the same day, to wit, on October 30th, 1924, said Budrow Brothers duly assigned said thresher's lien to the plaintiff by a written assignment. The complaint further alleges that grain so threshed, and subject to said thresher's lien, was hauled and delivered to the defendant's elevator at Amenia, North Dakota; and that said defendant converted said grain to its own use and has refused to deliver the same

or any part thereof to the plaintiff, although due demand for such delivery has been made.

The amended answer of the defendant admits the corporate existence of the plaintiff and defendant; also, that Budrow Brothers were the owners of a threshing machine with which they threshed certain grain grown on the land described in the complaint for one Chaffee, during the threshing season of 1924. Aside from these admissions the amended answer denies generally the allegations of the complaint; and, also, denies that Budrow Brothers ever had a lien on the grain or ever assigned the same. It also denies that the grain was wrongfully taken or retained by the defendant.

The amended answer further alleges:

"That between the 8th day of November, 1922, and the 20th day of September, 1923, the defendant, Amenia Seed and Grain Company, at his instance and request, performed labor for and sold and delivered to Verne Budrow, goods, wares and merchandise, consisting of feed, seed, lumber, nails, etc., which said services so performed and said goods sold were of the reasonable value of seven hundred thirty-two dollars and ninety-three cents ($732.93).

"That the same has not been paid, or any part or portion thereof, except the sum of one hundred forty-five dollars and thirty cents ($145.30).

"Further answering, defendant alleges that between the 31st day of August, 1922, and the 10th day of September, 1923, the defendant, Amenia Seed and Grain Company, at his instance and request, performed services for, and sold and delivered to Vere Budrow, goods, wares and merchandise, consisting of feed, seed, lumber, nails, etc., which said services performed and said goods sold were of the reasonable value of seven hundred eighty-nine dollars and eighteen cents ($789.18) no part of which has been paid, except the sum of two hundred twenty-three dollars and ninety-one cents ($223.91).

"That said sums as herein alleged were due and owing to this defendant from said Verne Budrow and Vere Budrow, doing business as Budrow Brothers, to the plaintiff herein; and said assignment of said purported lien was made for the purpose of avoiding the obligation of said Verne Budrow and Vere Budrow to the defendant herein."

The plaintiff demurred to these paragraphs of the complaint on the

ground that the same do not state facts sufficient to constitute a defense or counterclaim in this action. The instant appeal is from the order sustaining such demurrer.

The first and principal question presented is: "Did the defendant have the right to set off the two demands set forth in its amended answer, as against the cause of action alleged in the complaint?" In our opinion this question must be answered in the negative.

Section 7448, Comp. Laws 1913, provides:

"The answer of the defendant must contain:

"1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

"2. A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition."

Section 7449, Comp. Laws reads:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action. The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they are such as have been heretofore denominated legal or equitable, or both. They must each be separately stated and refer to the causes of action which they are intended to answer in such manner that they may be intelligently distinguished."

The defendant invokes § 7396, Comp. Laws 1913, which reads:

"In the case of an assignment of a thing in action the action by the assignee shall be without prejudice to any set-off or other defense existing at the time or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon good consideration before due."

Section 7396, must be construed with § 7449, supra, Kirby v. Jameson, 9 S. D. 8, 67 N. W. 854. The "counterclaim" provided for in §

7449, supra, was intended as a substitute for both "set-off" and "recoupment" as recognized under common law procedure. Christofferson v. Wee, 24 N. D. 506, 514, 139 N. W. 689; St. Louis Nat. Bank v. Gay, 101 Cal. 286, 35 Pac. 876. The "counterclaim" so provided is a pleading by which matters arising out of recoupment or set-off may be averred. Such pleading may be used by a defendant to plead, as against the plaintiff: "(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; (2) in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action.". Sec. 7449, supra.

It seems quite clear that the demands sought to be set off in this case do not fall within the first subdivision of § 7449, and there is no contention on the part of the appellant that they do. The contention is that they fall within the second subdivision of that section. But in our opinion it is quite clear that they do not fall within either subdivision. The demands set forth in the amended answer clearly are not causes of action "arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action;" and hence do not fall within subdivision 1 of the section. The second subdivision of the section, by its express terms, is applicable only "in an action arising on contract." And the cause of action set forth in the complaint in this action did not arise on contract; it is an action in tort—an action wherein the plaintiff seeks to recover damages for the wrongful conversion of certain personal property.

It is asserted by the appellant that inasmuch as the plaintiff might have waived the tort and sued on implied contract, the defendant should be permitted to set-off the demands set forth in the amended answer the same as though the plaintiff in its complaint had averred a waiver of the tort and sought recovery in contract. We think that the language of the statute itself is a sufficient answer to this contention. As was said by the supreme court of North Carolina, Smith v. Young, 109 N. C. 224, 227, 13 S. E. 735, in construing and applying a similar statutory provision: "If a suit, in the nature of an action for conversion, is brought and can be maintained, then a defendant will not be allowed

to set up a debt as a counterclaim under subsection 2, because that, by its express terms, applies only where the action is brought to enforce a contract, and here the defendant did not elect to waive the tort." The rule announced by the North Carolina court is supported by great weight of authority (23 Enc. Proc. 695; 34 Cyc. 662), and is in harmony with the decisions of this court. Roney v. H. S. Halverson Co. 29 N. D. 13, 149 N. W. 688.

There seems to be some contention on the part of the appellant that the complaint in this action is susceptible of being construed as a complaint in an action on implied contract. In our opinion this contention is so wholly without merit as to require no discussion. The complaint is clearly one in an action for conversion.

Appellant further contends that the third paragraph of the separate defense set forth above "is sufficient against a general demurrer as a defense of fraud and bad faith in giving the assignment." The contention cannot be sustained. There is no allegation that the assignment was without consideration or that plaintiff had any knowledge of the alleged fraudulent purpose of Budrow Brothers. So far as the allegations of the answer are concerned plaintiff may have purchased the thresher's lien in good faith and for full value without the slightest knowledge that Budrow Brothers had any fraudulent purpose in disposing of the same.

The order appealed from is affirmed.

NUESSLE, BURKE, JOHNSON, and BIRDZELL, JJ., concur.